UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

UNITED STATES OF AMERICA

v.  CAUSE NO.: 1:22-CR-39
(1:24-CV-414)

CHRISTOPHER HALE

## OPINION AND ORDER

Defendant Christopher Hale ("Hale") is a convicted methamphetamine trafficker serving a 240-month sentence followed by 5 years of supervised release. Pending before the Court is Defendant's Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 65), in which he asserts that he received ineffective assistance of counsel. The Government responded in opposition (ECF No. 68) to which the Defendant did not reply. Because this Court finds no constitutional deficiency in counsel's representation, Defendant's motion will be DENIED and no certificate of appealability will issue.

## FACTUAL BACKGROUND

Hale was charged, first in a criminal complaint and later in a four-count indictment, with three counts of distributing and one count of possessing with intent to distribute methamphetamine, all in violation of 21 U.S.C. §841(a)(1). (ECF Nos. 1, 12). The details of Hale's offense conduct are captured in the Presentence Investigation Report. (ECF No. 43, PSR at ¶¶s 3-23). On three occasions in May 2022, Hale sold a crystal substance to a confidential source ("CS"). On May 5, 2022, Hale sold the CS 28 grams of the crystal substance; on May 13, 2022, he sold the CS 84 grams of the crystal substance; and on May 19, 2022, Hale sold the CS 91.3 grams of the crystal substance. On all three occasions, the crystal substance was field tested by officers and tested positive for methamphetamine.

On June 9, 2022, officers served a search warrant at Hale's residence. When officers entered the residence, Hale and two others were present in the house. In the basement of the house officers located 193.2 grams of colored pill-like cubes divided into four small bags all located in a larger clear bag. The officers also recovered 5 grams of colored pills in a clear baggie along with two scales with residue on them and two boxes of gloves. The pills field tested positive for methamphetamine and caffeine, and the residue on the scales tested positive for methamphetamine.

On September 26, 2022, Hale pleaded guilty to all four counts of the superseding indictment without the benefit of a written plea agreement. (Plea, ECF No. 29). The final revised PSR reflects that Hale's guideline range calculation was based on Counts 1-4 grouped together (Count Group 1) and his career offender status. Hale's base offense level for Count Group 1 put him at level 28. His career offender status pursuant to USSG 4B1.1(b)(1) put Hale at level 37. The guideline range of 262-327 months was ultimately determined by his career offender status rather than the amount of methamphetamine Hale possessed. The Court ultimately went below the guideline range and sentenced Hale to 240 months. Hale filed a notice of appeal. Upon review, the Seventh Circuit affirmed Hale's sentence. (ECF No. 64-2). Hale then filed the present petition.

## DISCUSSION

a. **Legal Standard**

Relief under 28 U.S.C. § 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). To proceed on a motion pursuant to § 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence went beyond the maximum authorized by law or is otherwise

2

subject to collateral attack. *Id*. A § 2255 motion is neither a substitute for nor a recapitulation of a direct appeal. *Id*.

The court first addresses a preliminary issue raised by the Defendant as to the appropriate legal standard. The Defendant suggests this Court should apply the standard used in *United States v. Cronic,* 466 U.S. 648 (1984). In Hale's motion he lists three instances from *Cronic* in which the Supreme Court of the United States said there is a presumption the defendant was prejudiced. The presumption of prejudice comes into play when there is a complete denial of counsel at a critical stage, counsel fails to subject the prosecution's case to meaningful adversarial testing, or although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial. *Id*. However, this presumption of prejudice is "reserved for situations in which counsel has entirely failed to function as the client's advocate." *Florida v. Nixon*, 543 U.S. 175, 189.

Hale's ineffective assistance of counsel claim arises from the asserted failure of appointed counsel to have the methamphetamine seized in this case lab tested. This type of run-of-the-mill ineffective assistance claim is simply not the type that would trigger the narrow standard set out in *Cronic*. Indeed*, Cronic* applies to cases where counsel abandoned her client or circumstances demonstrate a complete denial of counsel during a critical stage of the proceeding. *See Bell v. United States,* 116 F.Supp.3d 900, 904-905 (N.D. Ill. 2015). Here, even if Defendant prevailed on showing that counsel should have had the methamphetamine tested, that would not, without more, demonstrate a complete failure to function as the client's advocate to make the entire proceeding presumptively unreliable. Counsel's effectiveness in this case will be evaluated under *Strickland v. Washington*, 466 U.S. 668 (1984), not *Cronic*.

The Sixth Amendment guarantees criminal defendants "the right ... to have the Assistance of Counsel for [their] defence." The right to counsel includes "'the right to the effective assistance of counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). Under *Strickland*, a defendant who claims ineffective assistance of counsel must prove (1) "that counsel's representation fell below an objective standard of reasonableness," 466 U.S. at 687–688, and (2) that any such deficiency was "prejudicial to the defense," *Id.* at 692. A court may address these prongs in either order and need not address both if the defendant makes an insufficient showing on one. *Id*. at 697.

To establish the performance prong of the *Strickland* test, Hale must show that his attorney's performance failed to meet an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88. The court's "scrutiny of counsel's performance [is] highly deferential," *Id*. at 689, and Hale "must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (citations omitted) (internal quotation marks omitted). In assessing counsel's performance, the court does "not second guess the reasonable tactical decisions of counsel." *Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010).

As for prejudice, there is again a presumption that the defendant has not suffered prejudice. *Perrone*, 889 F.3d at 908. To prevail on this prong, generally a defendant must show that "but for counsel's errors, there is a reasonable probability that the result would have been different." *United States v. Graf,* 827 F.3d 581, 584 (7th Cir. 2016).

b. Analysis

Hale asserts a single ground for his §2255 petition, that is he contends that his counsel was ineffective for failing to investigate the purity of his methamphetamine prior to the sentencing

hearing. Hale does not actually contest the purity of the substance; but he argues that if the methamphetamine had been lab tested it "could have" had a positive impact on his sentence. Specifically, Hale believes having the purity of the methamphetamine lab tested could have resulted in a "7-to-10-year difference in time, or 15 to 20 years". (ECF No. 65). This belief is misguided because, as noted below, his total offense level was based on his status as a career offender.

Detailed at paragraph 24 of the PSR, the probation officer noted that the Government submitted the controlled substances for official laboratory testing. At the time of the PSR's drafting, the test results had not been received by the Government. Although the Government believed from DEA Investigators that the purity of methamphetamine sold and purchased in Fort Wayne is typically 90-100% pure, the probation officer treated the methamphetamine as "ice", which only requires a purity of at least 80%. The probation officer further noted that this determination was largely an academic one because the purity of the methamphetamine bore no impact on the total offense level used to calculate the guideline range due to the defendant's career offender status under U.S.S.G §4B1.1(b)(1). (ECF No. 43 ¶ 24).

A defendant is deemed a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G §4B1.1(a). Hale checked all of these boxes. The United States Sentencing Guidelines further stipulate in the same section under subsection (b), "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." The calculated

5

offense level for Count Group 1 was 30; the offense level for a career offender such as Hale was 37. The career offender offense level thus trumps the Count Group 1 offense level.

Said simply, even if the methamphetamine had been lab tested and a report was produced prior to sentencing with the actual purity, the career offender status offense level controlled the base offense level. Hale would have still been in the guideline range of 262-327 months regardless of the purity or quantity of the methamphetamine he possessed. Counsel was not ineffective for failing to investigate the purity of the methamphetamine.

Hale also makes a broad assertion that counsel failed to investigate other aspects of the case. He writes, "She promised to check things out about my case and never did." (ECF No. 65). But Hale does not identify what favorable evidence could have been uncovered through an investigation that might have changed counsel's advice to him. To show ineffective assistance of counsel from a failure to investigate, Hale must "make a comprehensive showing of what the investigation would have produced." *Granada v. United States*, 51 F.3d 82, 85 (7th Cir. 1995) (internal quotation omitted). Hale offers nothing to meet this burden of production.

In sum, Hale's motion has not raised any performance issues of counsel worthy of any merit. If anything, counsel secured Hale a below guideline range sentence that saved him time in prison. Because the Court cannot find that counsel's representation was outside the range of competence demanded by attorneys in criminal cases, it need not go on to examine prejudice.

## DENIAL OF CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings in United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of

6

a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke*, 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hale has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of his ineffective assistance claim debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

## CONCLUSION

For the reasons discussed, the Court DENIES Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 65), and DECLINES to issue a certificate of appealability.

SO ORDERED on June 16, 2025.

*s/ Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT